Bradley *v.* M'Call.

---

Judgment affirmed.

*Jas. H. Cowles,* for plaintiffs in error.

*A. Hall,* for defendant.

———————— *ᵃ ꙩ ꙩ* ————————

## BRADLEY *et al. v.* M'CALL.

If the plaintiff in an attachment suit before a justice of the peace, recovers a judgment for less than five dollars, it does not follow, that he is liable on the attachment bond.

In an attachment suit before a justice, the demand cannot be less than five dollars, but the judgment may.

*Error to Wapello District Court.*

*Opinion by* KINNEY, J. This was an action brought in the district court of Wapello county, upon an attachment bond filed before a justice of the peace. Judgment was rendered upon the bond, and the case having been transferred to this court, the record presents the following facts: It appears, that in the original proceeding before the justice of the peace, an attachment was sued out upon the affi-

Bradley v. M'Call.

davit of Bradley, alleging that after all just set-offs, M'Call was indebted to him more than five dollars. Judgment upon the trial was rendered in favor of the plaintiff for only seventy cents; and the suit in the district court, it seems, was instituted by M'Call against Bradley and Mason, (the latter being surety upon the attachment bond,) upon the ground that as the plaintiff in the attachment did not recover five dollars, he was entitled to damages for the sueing out of the attachment. This appears to be the only question in the case entitled to consideration. The 1st section of the attachment law, page 339, provides that "creditors whose demands are not more than fifty nor less than five dollars, may sue their debtors by attachment before a justice of the peace in certain cases." The 2nd section provides, that the creditor shall execute to the debtor, a bond with sufficient security in a penalty of one hundred dollars, conditioned to pay the debtor all damages and costs which he may sustain by reason of the issuing of such attachment, *if the creditor fail to recover judgment thereon*, and if such judgment be recovered, that such creditor will pay the debtor all the moneys which shall be recovered by him, from any property levied upon and sold under such attachment, over and above the amount of such judgment and interests and costs thereon. This is the condition of the bond which the statute requires of the creditor for the safety and protection of the debtor; and upon a breach of which, an action will accrue thereon to the defendant. The bond, it will be observed, is susceptible of two divisions or conditions, and upon a breach of either, the creditor will become liable to the debtor. 1. If the creditor does not obtain judgment, and 2. If he fail to pay over the surplus money arising from the sale of the property attached, after paying his own demand and costs. Unless there is a breach in one of these conditions, we are at a loss to know how the creditor would become liable to the debtor upon the bond.

The suit then having been brought upon the bond, and the debtor having recovered against the creditor and his

surety, we will examine the bill of exceptions and record to ascertain the basis of that recovery.

Upon the trial in the district court, the bond was introduced and read to the jury as the foundation of the action. The plaintiff below then introduced the transcript of the justice of the peace, which showed the recovery by the defendant of seventy cents. These items of evidence were objected to by the defendant, but permitted to go to the jury by the court and enabled the plaintiff to recover.

The court charged the jury that the defendant Bradley, having failed to recover five dollars on his attachment, the defendants were liable on their bond if any damages were proved; for five dollars, being the least sum for which a justice has jurisdiction by attachment, a judgment for a less sum is void for the want of jurisdiction in the justice. And therefore, as no judgment was ever obtained on the attachment, they should inquire what damages, if any, were sustained by the plaintiff by reason of his corn being held by the writ.

The court in this charge to the jury, appears to have predicated the instructions in favour of the plaintiff's right of recovery, entirely upon the fact that the judgment recovered before the justice, was under five dollars. This instruction we think erroneous. It will be observed, that the statute requires that the plaintiff's demand shall be at least five dollars. Can this by any reasonable construction or legal intendment, refer to the judgment?

This becomes an important inquiry, as the plaintiff recovered upon the supposed breach of the bond. As the justice had no power to render the judgment, it was therefore void, and placed the plaintiff in the attachment under the same liabilities to the defendant, as if he had failed to obtain any judgment at all. By the express provision of the statute, the justice obtains jurisdiction when the *demand* of the creditor properly sworn to, &c., is five dollars. Having obtained jurisdiction, he can render judgment, although this demand may be reduced by an investigation and trial. The object of the statute undoubtedly is, to

guard and protect debtors from a violent proceeding by attachment, when the demand is of a less sum than five dollars. But the creditor when he makes his affidavit, and brings himself within the purview of the statute, does all that is required of him, and if for the want of testimony to sustain his demand, or if it be reduced by unexpected set-offs to a sum less than is sworn to, we think the justice having legally obtained jurisdiction, may by reason of his general powers render a judgment, although that judgment should fall under the amount sworn to be due. As the statute has reference only to the *demand*, and not to the judgment, and as under the law defining the powers and duties of justices of the peace, they have power to render judgments in any sum not exceeding fifty dollars, we cannot escape the conclusion that in cases of attachment, justices of the peace may render judgment for a less sum than five dollars.

As the instructions upon this point to the jury, were erroneous, and probably formed the basis of the recovery, it will be unnecessary to notice the other questions presented by the bill of exceptions and assignment of errors.

Judgment reversed.

*J. H. Cowles*, for plaintiffs in error.

*S. W. Summers*, for defendant.